Juhas *v.* Reading Company, Appellant.

Argued April 23, 1937. Before KEPHART, C. J., SCHAFFER, DREW, LINN, STERN and BARNES, JJ.

*Wm. Clarke Mason,* with him *Henry R. Heebner,* for appellant.

*William Charles Brown,* for appellee.

PER CURIAM, May 27, 1937:

Appellee, a truck driver, suffered severe injuries of the right thigh while engaged in unloading steel plates from a freight car with the assistance of a swinging

crane operated by appellant's servant. Appellee temporarily secured the cables of the crane to a pile of plates, and signalled that they be raised six inches so that final adjustment could be made. Instead, appellant's servant continued to raise the load, ignoring appellee's frantic signals to halt, until it was above appellee's head. Recognizing his immediate danger from the swaying load, appellee attempted to escape by climbing out of the car, and while he was so engaged, the load slipped and fell upon him. After a long and painful course of treatment he returned to work and undertook lighter tasks. The medical testimony was to the effect that appellee is fifty per cent disabled for his former occupation, and that the disability is of permanent nature. Appellant offered no testimony at the trial. Appellant, the railroad company, appeals from the judgment entered against it.

Appellant alleges there was insufficient proof of the manner in which the injury was received to impress liability for negligence on appellant, and that appellee's attempt to escape, bringing him under the load, constituted contributory negligence. The record discloses sufficient evidence to support the conclusion that appellant's servant was negligent in failing to heed appellee's signals, and the injury was caused by the fall of the steel as a natural and probable consequence. Appellee's attempt to escape from pressing danger was prompted by the emergency, and in view of the fact that the load was swaying dangerously, he took what then appeared to be the shortest avenue to safety. Under the circumstances contributory negligence could not be attributed to him as a matter of law, and the verdict of the jury concludes the issue.

The assignments of error of portions of the charge of the trial judge are without merit. The charge was thorough, impartial and accurately stated the facts and the law.

Judgment affirmed.